UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIC FLORES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:13-cv-00007-DBH |
| | ) | |
| U.S. ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

Eric Flores has filed a "Federal Tort Complaint Against Torture" naming as defendants the United States Attorney General, the United States Department of Health and Human Services, and a public health service named Sierra Medical Center in El Paso, Texas.  He also names a long list of "interested parties" including deceased individuals and infant children.  He complains that unspecified persons in Maine and elsewhere have inflicted torture in the form of mind altering substances, genetic codes, and direct signals from satellites in order to control and harm various Mexican Americans who are family members, friends, and/or acquaintances of Flores.  This is not Flores's first attempt at litigation in this District and his prior case, Flores v. Health and Human Services, U.S. Department, et al., 2:12-cv-00189-DBH, was summarily dismissed by this court because of Flores's failure to provide a fully completed in forma pauperis application.  I recommend that this complaint likewise be summarily dismissed and that Flores be warned that any further frivolous filings in this Court will result in filing restrictions being placed upon him.

**Litigation in Other Districts**

A review of PACER case locator indicates there are over fifty-four cases filed on the national level by Eric Flores.  I have not examined all of those cases, but I have reviewed a

significant number in order to be satisfied that the same individual is responsible for most of these filings based upon the nature of the allegations in the complaints.  In an order dated May 25, 2012, United States District Court Judge Philip Martinez of the Western District of Texas recounted Flores's litigation history in El Paso and denied Flores's application to proceed in forma pauperis on appeal.  Judge Martinez noted that Flores was previously sanctioned and barred from further frivolous filings in that Court in 2011.  In re Eric Flores, EP-12-MC-184-PRM (W.D. Tex 2012).  In an Order dated November 16, 2012, United States District Judge William O. Bertelsman of Eastern District of Kentucky noted the following:

> Flores has filed a dozen or more complaints making similar allegations in his home district and the District of Columbia, all of which have been dismissed, and filing restrictions have been placed upon him.  Cf. Flores v. United States Attorney General et al., No. EB-11-V-158-DB (W.D. Tex. 2011)[R.7 therein, p. 2 n.7 (collecting cases)]  In an effort to avoid those restrictions, Flores has recently filed several identical complaints far from home in courts unfamiliar with his litigation history.  Cf. Flores v. U.S. Atty Gen. No.1:12-cv-1165-RHS (D. N.M. 2012)(identical complaint filed Nov. 13, 2012); Flores v. U.S. Atty. Gen., No.1:12-cv-2810-SO (N.D. Ohio 2012) (identical complaint filed Nov. 9, 2012).

Flores v. United States Attorney General, 2:12-cv-00227-WOB (E.D. Ken.).

## Summary Dismissal

With respect to an in forma pauperis action such as this, the United States Congress has directed:  "[T]he court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) [now §

1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

I now recommend that this Court join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain "the hallucinations of a troubled man." Flores v. United States Attorney General, 2:12-cv-00987-MEF-TFM (M.D. Ala.) (Moorer, USMJ); see also Flores v. United States Dep't of Health and Human Servs., et al., 3:12-cv-00092 (M.D. Tenn.); Flores v. United States Attorney General, 4:12-cv-04144-SOH (W.D. Ark.); Flores v. United States Attorney General, 4:12-cv-40154-TSH (D. Mass.); and Flores v. United States Attorney General, 12-CV-1250-JPS (E.D. Wis.).  The complaint should be summarily dismissed.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated:  January 8, 2013                         /s/ Margaret J. Kravchuk
                                                U.S. Magistrate Judge